IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THE PEOPLE OF THE STATE OF
CALIFORNIA ON THE RELATION OF:
BRANDON SANDERS,

    Relator,

vs.

COUNTY OF NEVADA, et al.,

    Respondents.
_____/

No. CIV S-10-1248 FCD KJM PS

ORDER AND

FINDINGS AND RECOMMENDATIONS

        Respondents' motion to dismiss came on regularly for hearing July 21, 2010. No appearance was made for the relator, proceeding in propria persona. Leanne Mayberry appeared for respondents. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        In this action, relator brings a writ under the quo warranto provisions of state law, contending the District Attorney and Sheriff of Nevada County do not have authority to execute their respective offices because they failed to take the requisite oath of office in a timely manner. Pet. at 8:17-9:6. Respondents move to dismiss, contending subject matter jurisdiction is lacking in this matter.

/////

Quo warranto is an action arising under state law and lies against a person who unlawfully holds or serves in a public office. Cooper v. Leslie Salt. Co., 70 Cal. 2d 627, 632 (1969); Cal. Code Civ. Proc. § 803.  An action in quo warranto is brought by the Attorney General for the State of California; a private party cannot proceed in a quo warranto action absent leave to sue from the Attorney General.[1] Nicolopulos v. City of Lawndale, 91 Cal.App.4th 1221, 1228-29 (2001) (requiring leave of the Attorney General protects public officers from frivolous lawsuits).  Relator contends he is bringing this action under the Federal Constitution but it is apparent both from the petition and the opposition to the pending motion to dismiss that the gravamen of the petition is that respondents did not subscribe to an oath within certain time requirements.  This claim in entirely predicated on state law and does not state a constitutional violation.  It does not appear relator could cure this defect by amendment.

Relator does invoke the civil RICO statute and claims violation of several constitutional amendments in the petition.  Pet. at 1 (18 U.S.C. § 1964), 4:9-11 (first, ninth, fourteenth, and twentieth amendments).  However, relator makes no factual allegations in support of these federal claims; in opposition, relator makes no claim that a factual predicate exists for any federal claim.  The day before the hearing on the motion to dismiss, relator filed a proposed amended petition; the amended petition also contains no factual allegations related to any federal claims.  In light of the recommendation of this court that this petition be dismissed, hearing on relator's motion to amend the petition will be vacated.

In sum, there is no basis evident for federal question jurisdiction.  Moreover, because respondents and relator reside in the same state, there is no diversity jurisdiction.  This action should therefore be dismissed for lack of subject matter jurisdiction.

---

[1] In this case, it appears the relator made an application to the Attorney General the same day the instant action was filed. See Pet., Ex. A.  The court inquired at the hearing on the motion to dismiss as to whether respondents knew if relator had received a response from the Attorney General; there is no evidence in the record before the court that leave to sue has been granted by the Attorney General.

1  Accordingly, IT IS HEREBY ORDERED that the August 18, 2010 hearing is
2 vacated; and
3  IT IS HEREBY RECOMMENDED that this action be dismissed for lack of
4 subject matter jurisdiction.
5  These findings and recommendations are submitted to the United States District
6 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
7 fourteen days after being served with these findings and recommendations, any party may file
8 written objections with the court and serve a copy on all parties.  Such a document should be
9 captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the
10 objections shall be served and filed within seven days after service of the objections.  The parties
11 are advised that failure to file objections within the specified time may waive the right to appeal
12 the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
13 DATED: July 28, 2010.
14 006
sanders-nevada.57

_____
U.S. MAGISTRATE JUDGE